## ELISHA B. STEERE

### v.

## WILLIAM J. BROWNELL.

*Sale under Chattel Mortgage—Delivery—Levy by Subsequent Creditor of Mortgagor—Replevin.*

In an action of replevin, brought by the purchaser of the goods in question at a sale under a chattel mortgage, against a subsequent creditor of the mortgagor who had levied on the goods, claiming the delivery was insufficient, it is *held:* That the question being a close one, this court will not interfere with the judgment of the court below.

[Opinion filed November 20, 1886.]

APPEAL from the Circuit Court of McLean County; the Hon. O. T. REEVES, Judge, presiding.

Steere v. Brownell.

Mr. WILLIAM HUGHES, for appellant.

All conveyances of goods and chattels where the possession is permitted to remain with the donor or vendor, are fraudulent *per se* and void as to purchasers and creditors, unless the retaining of possession be consistent with the deed.   Thornton v. Davenport, 1 Scam. 296; Kitchell v. Bratton, 1 Scam. 300; Rhines v. Phelps, 3 Gilm. 455.

Under a chattel mortgage the mortgagee must take possession of the property upon the default of payment of the debt. Suffering property to remain with a mortgagor after default of payment is a fraud *per se*, and is not subject to explanation. Reed v. Eames, 19 Ill. 594; Thompson v. Yeck, 21 Ill. 73; Constant v. Matteson, 22 Ill. 546; Hanford v. Obrecht, 49 Ill. 146; Wylder v. Crane, 53 Ill. 490; Rozier v. Williams, 92 Ill. 187; Wilson v. Rountree, 72 Ill. 570; Dunlap v. Epler, 88 Ill. 82.

Messrs. POLLOCK & BAER and BLADES & NEVILLE, for appellee.

We contend that the appellee did take possession promptly on default of payment by the mortgagor and undisputedly had posessions for a period of fifteen days.

Our case is much stronger than that of Cunningham v. Hamilton, 25 Ill. 228.   See, also, Funk v. Staats, 24 Ill. 632; Neece v. Haley, 23 Ill. 416; Reynolds v. Patterson, 4 Ill. App. 1 83.

*Per Curiam.*   Replevin, brought by appellee for the brick, sheds and lumber in a brick yard owned by appellant, but which had been operated by C. S. Ripley.   Pleas, *non cepit, non detinet* and property in the defendant.   Trial by court, and finding and judgment for plaintiff for one cent damages and the costs.

In August, 1884, Ripley gave plaintiff a chattel mortgage upon the property in controversy and other of the same kind, together with a mare, colt, harness and all other personal property in the yard used in the business.   In October, a Constable took the property under the mortgage, for plaintiff, left

it in possession of a third party, who was employed in the yard, and fifteen days thereafter, on notice by posting, sold it to plaintiff, who bought at the request of Ripley, for the mortgage debt and costs. The operation of the yard ceased when the Constable took the property, but little if any other apparent change was made. Upon the purchase by plaintiff he left or put Ripley in charge, as agent, who made sales from time to time and accounted therefor to plaintiff.

In July, 1885, the property in controversy still remaining in the yard and in such possession of Ripley as is above stated, the defendant took a judgment by confession against him, and under the execution thereon the Sheriff levied upon and took it. It consisted of brick, burnt and unburnt, and in and out of the kiln. Plaintiff had taken away and sold the mare, colt, buggy and some of the brick. Defendant was not a creditor of Ripley when the mortgage was given or when the sale was made to plaintiff, and before he took this judgment was informed of the sale to plaintiff. But he, nevertheless, directed the levy of his execution upon what remained in the yard, and claims that there was no sufficient delivery to plaintiff. It was a close question, but almost every case of this kind presents on its trial peculiar features modifying the effect of testimony as it appears on paper, which we do not see, or can not rightly appreciate. Only a general rule, and a very general one, can be laid down to guide the trier. Each case stands by itself, upon its own circumstances. The trial judge, who saw and heard the witnesses and had the benefit of all the suggestions of counsel upon the motion for a new trial, was better prepared than we can be to weigh the evidence.

Quite a number of legal propositions submitted by the defendant were refused, but all that were substantial were embraced in those held; we can not indicate any clear error for which the judgment should be reversed.

*Judgment affirmed.*